IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| LEROY TYNDALE, | : | |
| DEBTOR. | : | BANKRUPTCY NO. 13-21011-MDC |

# MEMORANDUM

BY: MAGDELINE D. COLEMAN, UNITED STATES BANKRUPTCY JUDGE

## INTRODUCTION

On June 25, 2015, the City of Philadelphia (the "City") filed a Notice of Appeal seeking review of two orders of this Court: (1) the Order Granting Motion to Redeem Real Property from Tax Sale entered by this Court on June 11, 2015 [Docket No. 98] (the "Redemption Order"); and (2) the Order Confirming Chapter 13 Plan [Docket No. 94] (the "Confirmation Order," collectively with the Redemption Order, the "Orders"). This Memorandum Opinion is intended to be consistent with this Court's June 11, 2015, bench ruling and is submitted pursuant to Local Rule 8001-1(b)[1] to further expound upon the reasons for the ruling.

## FACTUAL AND PROCEDURAL BACKGROUND

Prior to the Debtor's filing for bankruptcy relief, the Debtor's residence located at 3339 N. 16th Street, Philadelphia, Pennsylvania (the "Property") was sold at a tax sale scheduled for September 26, 2013. The purchaser, Sahil Singhal (the "Purchaser"), paid a purchase price of $30,685. After the Purchaser obtained his interest in the Property, the Debtor filed a voluntary petition for Chapter 13 relief thereby initiating the Debtor's present bankruptcy case.

In connection with the administration of his bankruptcy estate, the Debtor filed on behalf of the Purchaser a Proof of Claim dated February 13, 2015, designating the Purchaser as the holder of a secured

---

[1] Local Rule 8001-1(b) provides: "Opinion in Support of Order. The bankruptcy judge whose order is the subject of an appeal may, within 14 days of the filing of the notice of appeal, file a written opinion in support of the order or a written supplemental opinion that amplifies any earlier written opinion or recorded oral bench ruling or opinion." L.B.R. 8001-1(b).

claim in the amount of $39,118. Despite appearing in the Debtor's bankruptcy case and otherwise participating therein, the Purchaser did not file an objection to the proof of claim. As a result, the Purchaser was deemed the holder an "allowed secured claim" in the amount of $39,118. 11 U.S.C. §502(a).

On June 11, 2015, this Court held a hearing (the "Hearing") to address (1) the Motion to Redeem Real Property from Tax Sale dated March 19, 2015 [Docket No. 76] (the "Redemption Motion"), filed by Leroy Tyndale (the "Debtor"), and (2) confirmation of the Fourth Amended Chapter 13 Plan dated April 23, 2015 [Docket No. 80] (the "Plan"), also filed by the Debtor. Pursuant to the Redemption Motion and in accordance with the terms of the Plan, the Debtor proposed to redeem its interest in the Property by paying the Purchaser a total of $42,960.38 (the "Redemption Amount") over the Plan period.[2]

Prior to the Hearing, the City of Philadelphia (the "City") filed two objections: (1) an Objection to Generic Motion dated April 27, 2015 [Docket No. 81] (the "Redemption Objection"), wherein the City's objected to the Redemption Motion, and (2) an Objection to Confirmation of Plan dated April 27, 2015 [Docket No. 82] (the "Plan Objection," collectively with the Redemption Objection, the "Objections"). No other party appeared in opposition to the Redemption Motion or confirmation of the Plan. Consistent with this Court's prior decisions[3] and for the reasons stated on the record, this Court determined that the City lacked standing to object to the Redemption Motion and overruled the Redemption Objection on this basis. With regard to the Plan Objection, this Court determined that the Plan complied with the requirements of §1325(a) and confirmed the Plan on that basis.

**LEGAL DISCUSSION**

At the Hearing, this Court first addressed the City's Redemption Objection and requested the City address its standing to object to the relief sought therein. Specifically, this Court requested the City address how the payment of the Redemption Amount by the Debtor to the Purchaser would impinge upon the City's legally protected interests. *See, e.g., Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38

---

[2] This amount include the payment of interest in the amount of 10% per annum.

[3] *In re Minor*, Bky. No. 13-19278, 2015 WL 3615034 (Bankr. E.D. Pa. Jun. 9, 2015); *In re Terry*, Bky. No. 13-14780, 2015 WL 1321486 (Bankr. E.D. Pa. Mar. 13, 2015).

2

(1976) (recognizing that to have standing must allege "such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf"); *In re Combustion Engineering, Inc.*, 391 F.3d 190, 215 (3d Cir. 2004) ("Standing is not dispensed in gross, but rather is determined by the specific claims presented."); *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995) ("The burden to establish standing [is on] the party claiming that standing exists."). As recently recited by this Court:

> To have standing under Article III of the Constitution, a party must establish three elements. First, the party must demonstrate an "injury in fact" that is concrete and personal to it. Second, the party must demonstrate that its injury is traceable to the challenged conduct. Third and finally, the party must establish that the injury may be redressed by a favorable judicial decision.

*Minor*, 2015 WL 3615034, at *4 (citations omitted).

In response to this Court's questioning, the City conceded that it has asserted no claims against the Debtor that relate to the Debtor's interest in the Property.[4] The City specifically conceded that it is owed no taxes relating to the Property. Audio recording of Hearing 6/11/2015 @ 1:48 p.m. (1:56:03-1:56:18) Bky. No. 13-21011MDC. In addition, the City conceded that, outside of bankruptcy, it would not be able to prevent the Debtor and the Purchaser from entering into a private agreement to pay the Redemption Amount over a period of time. Audio recording of Hearing 6/11/2015 @ 1:48 p.m. (2:01:50-2:05:55) Bky. No. 13-21011MDC. To the extent that the City alleged that it would be harmed by this Court's consideration of the Redemption Motion, the City reiterated the arguments it previously made in connection with this Court's adjudication of the Minor bankruptcy.[5] In that case, this Court observed:

> the City's argument lacks any limiting principle. Inevitably, the administration of bankruptcy laws will affect the operation of capital markets. According to the City's reasoning, any party engaged in a business environment that may be impacted by the restructuring of debtor-creditor relations would be entitled to participate in any specific bankruptcy case. The fact that a party operates in or otherwise relies upon those capital

---

[4] The City did not contest that the Debtor proposed to pay in full the City's claims relating to other the Debtor's other property. Audio recording of Hearing 6/11/2015 @ 1:48 p.m. (2:19:30-2:23:00) Bky. No. 13-21011MDC.

[5] The City argued that redemption would have a "chilling effect" upon the City's ability to conduct future tax sales. In support of this argument, the City argued that the Purchaser has expressed his intent to abstain from future tax sales. Audio recording of Hearing 6/11/2015 @ 1:48 p.m. (2:09:15-2:11:30) Bky. No. 13-21011MDC. However, the City presented no evidence to substantiate this allegation. *See, e.g., Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006) (observing that counsel's arguments do not constitute evidence); *In re Wagner*, Bky. No. 10-36900, 2012 WL 6737830, *3 (Bankr. N.D. Ohio Dec. 28, 2012) (same).

markets cannot confer on that party a carte blanche to intervene in any bankruptcy case and interfere with a debtor's attempts to exercise the privileges afforded by the Bankruptcy Code.

Here, the same is true. The City failed to establish that its alleged harm constituted an "injury in fact." The fact that state law may supply the City a right to participate in state court redemption proceedings does not trump the rules of standing applicable to bankruptcy proceedings. For these reasons, this Court overruled the City's Redemption Objection for lack of standing.

Having overruled the City's Redemption Objection due to the City's lack of standing, this Court moved on to Plan confirmation. Finding that the Plan provided for payment in full of all of the Debtor's allowed, pre-petition, secured claims as required by 11 U.S.C. §1325(a)(5) and otherwise provided for payment of all of the Debtor's disposal income to allow unsecured, pre-petition creditors to receive a pro rata distribution on their claims in an amount not less than the amount that would be paid on such claims had the Debtor's estate been liquidated, 11 U.S.C. §1325(a)(4) and complies with the provisions of 11 U.S.C. §§1322 and 1325 and with other applicable provisions of title 11 U.S.C., this Court overruled the City's Plan Objection and ordered confirmation of the Plan.[6]

---

[6] In support of its standing arguments as well as its arguments against confirmation of the Plan, the City invoked the Third Circuit's decision in *In re Amatex Corp.*, 755 F2d 1034 (3d Cir. 1985) for the proposition that the nonpayment of the Debtor's nonpayment of post-petition real estate taxes entitled it to object to the Redemption Motion and the Plan as a future creditor. Audio recording of Hearing 6/11/2015 @ 1:48 p.m. (2:13:14-2:1:30) Bky. No. 13-21011MDC. As this Court stated at the Hearing, the City's reliance on this decision is misplaced. In *Amatex*, the Third Circuit addressed the right of future asbestos claimants to participate in the plan confirmation process. However, in *Amatex*, the claims of the future asbestos claimants were not post-petition claims. The future claimants had been exposed to asbestos in the pre-petition period. They were future claimants only in the sense that their potential injuries had not manifested themselves in the pre-petition period. Because the City's claim for post-petition real estate taxes accrued in the post-petition period, the Debtor is under no obligation to provide for their payment in his Plan. As this Court recognized at the Hearing, confirmation of the Debtor's plan and the pendency of the Debtor's bankruptcy general does not in any way frustrate the City's ability to collect post-petition real estate taxes. Audio recording of Hearing 6/11/2015 @ 1:48 p.m. (2:15:30-2:17:51) Bky. No. 13-21011MDC. The Plan does not provide for or otherwise implicate the payment of post-petition real estate taxes. *See, e.g., In re Minor*, Bky. No. 13-19278, 2015 WL 3615034, *3-4 (Bankr. E.D. Pa. Jun. 9, 2015) (recognizing that unless a plan provides for payment of post-petition, real estate taxes, nothing prevents the City from taking action to collect post-petition, real estate taxes; *In re Terry*, Bky. No.13-14780, 2015 WL 1321486, *4, n.7 (Bankr. E.D. Pa. Mar. 13, 2015) (same). To the extent this bankruptcy case has implicated the accrual of post-petition real estate taxes, the Debtor and the Purchaser have entered into an agreement wherein the Debtor has agreed to indemnify the Purchaser for all charges, including real estate taxes, that may accrue during the Debtor's continued possession of the Property. Stipulation dated May 14, 2015 [Docket No.99] (the "Stipulation"). As this Court stated at the Hearing and the City concede to be true, there is nothing stopping the City from attempting to collect post-petition, real estate taxes from the Purchaser. Audio recording of Hearing 6/11/2015 @ 1:48 p.m. (2:14:45-2:17:50) Bky. No. 13-21011MDC (discussing impact of Stipulation on the City's ability to collect post-petition, real estate taxes).

**CONCLUSION**

Consistent with this analysis, this Court overruled the City's Redemption Objection for lack of standing and this Court overruled the Plan Objection because the Debtor's proposed Plan complies with the provisions of §1325(a).

BY THE COURT:

_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Dated: July 2, 2015

Erik B. Jensen, Esquire
1528 Walnut Street, Suite 1401
Philadelphia, PA  19102

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA  19107

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA  19107

Courtroom Deputy
Eileen Godfrey